Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

[Additional Counsel on Signature Page]

Attorneys for Janet Heathman

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janet Heathman<br><br>                    Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>                    Defendant. | Case No: 12-cv-00201 IEG (RBB)<br><br>**REPLY TO PRA'S OPPOSITION TO SUMMARY JUDGMENT; POINTS AND AUTHORITIES**<br><br>Date: 1/22/2013<br>Time: 10:30 AM<br>Crtrm: 1<br><br>**Judge: Hon. Irma E. Gonzalez** |

### I. Evidential Objections.

Heathman objects to PRA's blatant willingness to ignore the rules of discovery.[1] Throughout this case, Heathman has requested, through discovery, the identity of the original creditor that PRA claimed was involved here, as well as the identity of any supposed it debtor, and PRA has repeatedly stated that it has no knowledge of any creditor or another alleged debtor. Now, with the discovery cut off less than one month away, PRA acknowledges that for over a year it has had this information and merely refused to provide it even though the federal rules mandate that PRA disclose that information. It is this constant thumbing of the nose by defense counsel at the court and the rules that protracts litigation in these matters. Further, PRA now attempts to use this information to its advantage while continuing to deny the information to Heathman through discovery.

Heathman has filed a separate motion for sanctions on this issue,[2] and requests the court ignore these last-minute "revelations" by PRA. They are in violation of the federal rules, and clearly try to prejudice Heathman. Further, they violate the Federal Rules of Civil Procedure. Heathman objects to to this and requests the court strike them and give them no weight.

### II. Introduction.

It is important to note that it is now undisputed that no debt was owed here by Heathman. This claim by PRA was completely fabricated by PRA and its attorneys. PRA merely claims to "regret the error" made by its counsel [Docket 31-2, §§ 12-14], and now fights tooth and nail to avoid accepting responsibility for the injury it caused to Heathman.

### III. PRA's argument concerning whether the debt at issue here is a personal debt is meritless.

Since this case began, Heathman has always asserted that the alleged debt at issue here is a consumer debt under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"). *First Amended Complaint, Docket 15.* The case is based on

---

[1] See Rule 37 motion filed concurrently with this Reply.

[2] Id.

HYDE & SWIGART
San Diego, California

false, deceptive, and misleading allegations by PRA in a state complaint regarding a debt allegedly owed by Heathman to PRA.

### A. Heathman has established that the debt at issue here is a consumer debt.

In the state court complaint by PRA, Heathman is *alleged* to owe a debt to PRA. Plaintiff's Exhibit B. Here PRA sues Heathman personally. Id. There is no suggestion of a company of any type, nor is there a suggestion of a commercial debt. Id.

PRA now admits that Heathman, while allegedly owing a debt, did not in fact owe a debt. [Docket 31-2, §§ 12-14]. PRA says it was an unsubstantiated "error" by PRA's attorneys. Both the FDCPA and California's Rosenthal Act are strict liability. *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1004 (9th Cir, 2008) ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") California's Rosenthal Act is also strict liability. *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007), fn 7.

Now, PRA claims, a mysterious "Mr. Homa" really owes the debt. Considering PRA's track record to date, this too may be a shot in the dark by PRA, but with regard to this case that claim for the unfortunate Mr. Homa is irrelevant. The issue here is not who *actually* owed the debt, the issue here is that Heathman *allegedly* owed a debt to PRA. That is what PRA said; that is what PRA alleged. PRA cannot now create an issue about Mr. Homa's debts.

"The FDCPA provides a cause of action for consumers who have been exposed to "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). As a threshold matter, a suit brought under the FDCPA must involve a "debt" within the meaning of the statute." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. Wash. 2009). "The statute defines "debt" as any obligation **or alleged obligation** of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5)." (Bold face added.) *Fleming*, 581 F.3d at 925. Thus, the issue here is not "Mr. Homa's" debt, the issue is the obligation PRA alleged Heathman owed. PRA

cannot escape liability by providing a surprise person, in its Opposition, and claim "the debt was his, and we do not know what that debt involved." If that were acceptable, a debt collector could escape any debt by making such a last second claim. A debt is an "alleged obligation of a consumer." The consumer alleged to owe this debt is clearly Heathman, and not the newly introduced "Mr. Homa."

In *Fleming v. Pickard*, the Ninth Circuit noted that "[N]othing in the statute or the legislative history leads us to believe that Congress intended to equate asserted tort liability with asserted consumer debt."), citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998). But that is not the case here. Here the statue indicates that its purpose is to protect even consumers that are "alleged" to owe a debt. 15 U.S.C. § 1692a(3). If a debt collector could merely say, "Well then, since this consumer is not the consumer that actually owes the debt, we are therefore "alleging" the debt was commercial," this defeats Congress' intent of protecting consumers that do not owe a debt, and instead only protects consumers that do owe a debt.

Most significantly, Heathman provides direct testimony that the debt at issue here was not a commercial transaction and was, instead, a personal debt. In her sworn declaration, Heathman provides that "In this state action Portfolio Recovery Associates alleged that I incurred certain consumer related financial obligations to PRA. **The only credit transaction I have ever engaged in were for my own personal or household purposes, and never for any commercial purpose**." (Bold faced added). Plaintiff's Exhibit C, ¶ 9.

All PRA is stating here is that PRA apparently does not believe Heathman when she says she has never had a commercial debt, although why PRA might think this goes unexplained, and then PRA speculates that *maybe* the debt PRA was alleging here was a commercial debt. Of course, even though it was PRA that sued, PRA does not swear that this is a commercial debt as that would be perjury, but PRA shrugs its shoulders and says "maybe, who knows?" Well, Heathman knows, and she says she has never agreed to a commercial debt.

Heathman has met her burden here, and PRA provides nothing in response that demonstrates a genuine issue of disputed fact. This is the same situation found in another FDCPA matter, *Bitah v. Global Collection Servs.*, 968 F. Supp. 618 (D.N.M. 1997). In *Bitah* the

debt collector argued what PRA argues here, that the consumer should be denied summary judgment and that the debt collector should actually be granted summary judgment against consumer because the consumer had not established a threshold issue of whether the debt involved a commercial purpose. *Id.*, 968 F. Supp. at 621.

The court in *Bitah* rejected this argument, stating:

> Bitah has thus brought forth sufficient evidence the debt was for a consumer transaction. Norton does not counter with any evidence the transaction was for a commercial purpose. If the movant carries his burden, "responsibility then devolves upon the non-movant to show the existence of a genuine issue as to material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). Once the party moving for summary judgment has established a prima facie claim on which he would be entitled to relief, "it is not enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative;' the nonmovant must come forward with specific facts showing a genuine issue for trial." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993); see also, *John Hancock Mutual Life Ins. Co. v. Weisman*, 27 F.3d 500 (10th Cir. 1994). Therefore, in light of Norton's failure to bring forth any evidence to support his argument the debt was for a commercial purpose, the Court must decide this issue in favor of Donald Bitah.

*Bitah v. Global Collection Servs.*, 968 F. Supp. 618, 622 (D.N.M. 1997).

That is the same situation we see here, with the evidence demonstrating that the debt is a personal debt. PRA sued Heathman personally, and not as a business. *First Amended Complaint, Docket 15*. Heathman has testified that "The only credit transaction I have ever engaged in were for my own personal or household purposes, and never for any commercial purpose." (Bold faced added). Plaintiff's Exhibit C, ¶ 9.

In the state complaint, PRA sues Heathman personally. Plaintiff's Exhibit B, ¶ 1. Although the state complaint provides a place where PRA could allege that Heathman was doing business commercially, PRA did not do that, although PRA did acknowledge that *it* was a business. Plaintiff's Exhibit B, ¶¶ 3-4. PRA could also have alleged that Heathman had its principle place of business in San Diego County, but PRA did not allege that, either. Plaintiff's Exhibit B, ¶ 7e. PRA also claimed the debt was "for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff." Plaintiff's Exhibit B,

¶ 7e. There is no mention of a business. PRA also served "an individual defendant." Plaintiff's Exhibit B, Bates Stamp 006, ¶ 1. And although PRA could have served a business, PRA states that it did not. Plaintiff's Exhibit B, Bates Stamp 006, ¶ 3.

In response, PRA states only, "The information PRA obtained from American Express relating to the account does not indicate how or why the balance on the account was incurred, or whether the balance was the result of charges made primarily for personal, family or household purposes. PRA presently has no way of knowing whether the unpaid balance on the account reflects charges incurred primarily for personal, family or household use." Docket 31-2, § 6. But even if this hearsay "information PRA obtained from American Express" were somehow admissible, this is nothing. PRA just says, "the account does not indicate how or why the balance on the account was incurred," PRA does not say the debt was a commercial debt. This is not even enough that the nonmovant's evidence be 'merely colorable' or anything short of 'significantly probative' which *Bitah* rejected; instead the nonmovant must come forward with specific facts showing a genuine issue for trial." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993). Here PRA admits that "[PRA] has no way of knowing whether the unpaid balance on the account reflects charges incurred primarily for personal, family or household use." In other words, if this went to trial, Heathman would testify that she has never entered into a commercial debt, and PRA would testify, at best, that they have no evidence to say otherwise. Consequently, PRA demonstrates no genuine issue for trial.

### IV. Heathman never suggested PRA was vicariously liable here.

PRA argues that it cannot be vicariously liable for the actions of its attorneys, CIR. This is meritless for two reasons. First, Heathman never alleged that PRA is vicariously liable here. This is just another red herring on the part of PRA. However, since PRA argues this issue, the Ninth Circuit has specifically that debt collectors are vicariously liable for the actions of its attorneys; this is settled law. In *Fox v. Citicorp* the Ninth Circuit discussed whether a client would be vicariously liable for actions of its attorney and found that under the FDCPA, debt collectors, such as PRA, are vicariously liable for the litigation actions of its attorney. *Fox v. Citicorp Credit Servs.* ("Citicorp contends that it may not be held vicariously liable under section

1692i for a venue decision made solely by Kaplan [Jerold Kaplan was Citicorp's attorney]. We reject this contention as inconsistent with the structure of the FDCPA . … In order to give reasonable effect to section 1692i, we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken. *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. Ariz. 1994).

### V. PRA has violated the FDCPA as well as California's Rosenthal act.

The Rosenthal Act incorporates the FDCPA by reference by requiring compliance with the substantive provisions of the FDCPA. *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D. Cal. 2006); see also *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541; citing *Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D. Cal. February, 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.) See also, *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). In summary, "The Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).

### VI. Conclusion

A telephone call or a letter was all that was required on PRA's part to avoid this issue. Instead, PRA sued, and in the process it sued the wrong person. Then PRA refused to take responsibility for its actions and instead spends on attorneys' fees and costs a figure that, no doubt, far exceeds what it could have paid to correct the injury to Ms. Heathman.

This was PRA's conduct and decisions, and as the Ninth Circuit has stated, in FDCPA actions it is the debt collector that must bear the brunt of these types of mistakes.

> Most important, because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors–repeat players likely to be acquainted with the legal standards governing their industry–to bear the brunt of the risk. As we have oft repeated, it does not seem "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171-1172 (9th Cir. Or. 2006).

Hyde & Swigart
San Diego, California

1   Here PRA has deliberately chosen to go perilously close to an area of proscribed conduct,
2   which it calls an "error."  Consequently, summary judgment should be granted to Heathman at
3   this stage.

**HYDE & SWIGART**

Date: January 14, 2013                    By: /s Robert L. Hyde
                                              Robert L. Hyde
                                              Attorneys for Plaintiff