Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional attorneys listed on signature page]

Attorneys for Plaintiff JANET HEATHMAN

# United States District Court
# Southern District of California

| | |
|---|---|
| JANET HEATHMAN, | CASE NO. 12-cv-00201 IEG (RBB) |
| Plaintiff, | PLAINTIFFS' MOTION FOR EXCLUSION OF EVIDENCE AND FOR SANCTIONS PURSUANT TO FRCP RULE 37 |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | DATE:     February 19, 2013 |
| Defendant. | TIME:     10:30 A.M. |
| | JUDGE:   Hon. Irma E. Gonzalez |

## INTRODUCTION

If there can be said to be any cardinal rule of civil discovery practice, it is that voluntary disclosure of non-privileged information (either within the scope of the voluntary rules or specifically requested) must be made and the failure to do so mandates exclusion of all non-disclosed information. Furthermore, because our system is based in large part on trust, for the system to function, this exclusionary rule must be strictly enforced.  Defendants repeatedly failed to disclose the identity of two potential witnesses, and failed to disclose an entire class of documents and a series of transactions potentially spanning several years, until three weeks before the close of discovery.  Further, Defendants now attempt to base their defense on Plaintiff's lack

of evidence regarding these very same witnesses, documents, and transactions.  Plaintiff urges the Court to see these issues for what they are, Defendants blatant failure to follow the discovery rules.  Plaintiff therefore requests that this Court exclude all non-disclosed evidence and any testimony or other evidence regarding these previously undisclosed transactions and documents, and further vacate the discovery cutoff and motion dates in this action to allow Plaintiff to investigate and verify Defendant's only recently disclosed claims.  Plaintiff also requests that this Court sanction Defendant for Defendant's blatant flouting of the rules governing federal discovery and disclosure.

STATEMENT OF FACTS

On July 31, 2011, Portfolio Recovery Associates, LLC ("PRA") filed a California state court collection action, in which PRA alleged that PRA issued credit to Plaintiff, a consumer, and that Plaintiff owed a debt to PRA[1].  When Plaintiff filed an answer, and sent discovery asking for the basis of PRA's false claims, instead of revealing the fact that PRA's claims were false, PRA instead dismissed their action[2].

On January 25, 2012, Plaintiff filed this action.  PRA claims that upon service of the Complaint in this action, PRA discovered for the first time that PRA had sued Plaintiff for the debt of another person, a "Peter Homa."[3]  PRA claims that at this time PRA knew of the existence of two potential witnesses, the above mentioned "Peter Homa," and American Express Bank, and knew of the existence of a series of transactions between these two parties, and of the existence of a set of documents reflecting all or part of these transactions[4].

Instead of revealing this supposed information, PRA filed an Answer to Plaintiff's Complaint, and claimed in this Answer, at ¶19, that "Defendant purchased the account at issue from the original creditor and Defendant therefore steps into the shoes of the original creditor as

---

[1] See Request for Judicial Notice, Document #5 of Docket #30 in this action.

[2] See *Declaration of Stephen G. Recordon*, ¶¶1-6, filed as Document #4 of Docket #30 in this action.

[3] See *Declaration of Mellisa Massey* ¶4, filed as Document #2 of Docket #31 in this action.

[4] *Id.*

the assignee.[5]"  By doing so Defendant clearly stated that there was an account at issue, that PRA had purchased, and by their failure to make any mention of "Peter Homa" or American Express, PRA clearly represented to this court and to Plaintiff that Plaintiff was a party to this account.

On July 10, 2012, under court order, PRA provided Plaintiff with PRA's Initial Disclosures, pursuant to FRCP Rule 26(a)(1)[6].  In these Initial Disclosures, despite the duty to identify the name, address and telephone number of each individual likely to have discoverable information that PRA might use in its defense, PRA failed and refused to disclose even the identity of Peter Homa or American Express Bank, the same parties who PRA now brings up as their principal defense in their Opposition to Plaintiff's Motion for Summary Judgment.  Despite the duty to identify all documents which PRA might use in their defense, PRA identified no documents, instead referring generally to "Documents relating to the account at issue."  Defendant now attempts to testify regarding these same documents in their Opposition to Plaintiff's Motion for Summary Judgment[7].

On July 26, 2012, counsel for Plaintiff served Requests for Production and Interrogatories on Defendant.[8]  In these Requests for Production, Plaintiff asked Defendant to produce all of the documents identified or referred to in Defendant's Initial Disclosures[9].   Defendant produced no documents at all in response, leading Plaintiff to believe that there were no documents in existence regarding the account at issue.[10]

---

[5] See Defendant's Answer, ¶19 of Docket #5 in this action.

[6] See *Declaration of Joshua B. Swigart*, ¶3 and Exhibit A, filed as Document #3 of Docket #30 in this action.

[7] See *Declaration of Mellisa Massey* ¶6, filed as Document 2 of Docket #31 in this action.

[8] See *Declaration of Joshua B. Swigart*, ¶4-7 and Exhibits B&C, filed as Document #3 of Docket #30 in this action.

[9] See *Declaration of Joshua B. Swigart*, ¶6-7 and Exhibit C, Request 2, filed as Document #3 of Docket #30 in this action

[10] See *Declaration of Joshua B. Swigart*, ¶10-11 and Exhibit E , filed as Document #3 of Docket #30 in this action

In the above Interrogatories, Plaintiff asked Defendant to identify each person with any knowledge of the facts alleged in or supporting the facts alleged in the Complaint.[11]  Defendant failed to identify Peter Homa or American Express Bank in its response, and did nothing to advise Plaintiff that PRA claimed that the debt at issue was between Peter Homa and Amercian Express Bank.[12]

On January 8, 2013, nearly one year after PRA claims to have discovered that Plaintiff was sued for Peter Homa's account, and three weeks before the close of discovery in this matter, PRA decided to divulge their claims regarding Peter Homa and American Express, in PRA's Opposition to Plaintiff's Motion for Summary Judgment.[13]

PRA intentionally withheld this claim until it was too late for Plaintiff to verify or investigate this claim by requesting documents and deposing Peter Homa and American Express Bank.  PRA has still not provided the documents in their possession regarding Peter Homa and American Express Bank.  PRA has provided no contact information for Peter Homa.

At no time during discovery did Defendant amend its Disclosures and name any additional witnesses or disclose the location and description of additional evidence.

Throughout this entire case, and unbeknownst to Plaintiff or plaintiff's counsel until very recently, Defendants have side-stepped and ignored the Federal Rules designed to ensure a level playing field and justice for all parties.  Plaintiff, and especially Plaintiff's counsel, do not make such a statement lightly.  However, these recalcitrant acts and omissions and the circumvention of the Federal Rules cannot go unchallenged by the Plaintiff, and should not be condoned by the Court.

LEGAL STANDARD

Fed. R. Civ. P. 26(a)(1)(A) requires that all parties disclose, voluntarily, the "names and, if known, address and telephone number of each individual likely to have discoverable information

---

[11] See *Declaration of Joshua B. Swigart*, ¶4-5 and Exhibit B, Interrogatory #1, filed as Document #3 of Docket #30 in this action

[12] See *Declaration of Joshua B. Swigart*, ¶8-9 and Exhibits D, filed as Document #3 of Docket #30 in this action

[13] See *Declaration of Mellisa Massey* ¶4, filed as Document 2 of Docket #31 in this action.

that the disclosing party may use…" and "identify the subject of the information" held by such witnesses.  Fed. R. Civ. P. 26(c)(1) mandates that a party is "under a duty to supplement" their prior disclosures if it "learns that in some material respect the information disclosed is incomplete ..." Fed. R. Civ. P. 26(a)(1)(E) also requires states that "[a] party is not excused from making its disclosures because it has not fully investigated the case . . . ." [emphasis added].   Rule 26(e) is designed to prevent a party from surprising his adversary in setting forth new facts at trial [and, presumably, summary judgment] not disclosed during discovery.  *PIC Inc. v. Prescon Corp.*, 485 F.Supp 1299, 1301 (D.C. Del.).

> *Fed. R. Civ. P. 37 - Sanctions for Failure to Comply With Rule 26*

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party may not use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  Therefore, unless the Defendants can show that their failure to designate these witnesses or identify and produce evidence in a timely manner is "substantially justified" or is "harmless," they are not permitted to offer their testimony.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  The burden of demonstrating "harmlessness," or "substantial justification" is on the party facing the sanctions, not the party seeking them.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless...."); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 332 (C.D. Cal. 2004) ("Rule 37(c) requires that the court preclude a party from introducing evidence or theories not disclosed pursuant to Rule 26(e), unless it can show that its violation of Rule 26 was either harmless or substantially justified").

*Argument*

A.      *Defendants have not adhered to Rule 26 with regard to Peter Homa and American Express Bank, and PRA should not be allowed to offer evidence regarding the acts of Peter Homa or American Express Bank in this matter.*

Defendant PRA actively hid the identity of Peter Homa and American Express Bank as witnesses until discovery was nearly closed, in an attempt to ambush Plaintiff.  Defendant then provided no documents that could be examined, but merely provided hearsay and speculation regarding the acts of Peter Homa, American Express Bank, and CIR Law Offices, in effect providing no verifiable information at all.  PRA now makes legal claims that should have been disclosed nearly a year ago, in an attempt to lead this Court to believe that Plaintiff lacks evidence regarding transactions that were never disclosed to Plaintiff, and which may or may not occurred, and which now cannot be investigated as the close of discovery is too close.

The hearsay testimony of PRA and PRA's counsel regarding supposed transactions involving Peter Homa, American Express Bank, and CIR Law Offices must be excluded, as PRA's failure to disclose the identity of  Peter Homa and American Express Bank effectively precluded Plaintiff from investigating the veracity of these claims.

On the eve of the close of discovery, Defendant, in its Opposition, now seeks to introduce testimony without proper disclosure.  Despite Defendant's awareness of these witnesses and evidence months before they were disclosed, they failed to "timely and seasonably" supplement its Disclosures to Plaintiff.  As a result of Defendants' late disclosure of certain witnesses and evidence Plaintiff was deprived the opportunity to depose key witnesses and effectively prepare for trial.  Plaintiff will be extremely prejudiced if the above-referenced witnesses, evidences and defenses are allowed to be used in opposition to Plaintiff's Motion for Summary Judgment or at trial.

**Declaration of Mellisa Massey**

As evidenced by Defendant's Opposition, Defendant clearly intended to present evidence and testimony regarding acts by the undisclosed witnesses, in particular, Peter Homa and American Express Bank, and to introduce evidence not previously disclosed.  Defendants were

obligated to disclose witness information pursuant to Rule 26, not to mention its obligation to provide this information in response to Plaintiffs' interrogatories.

Defendants failed to disclose the names of Peter Homa and American Express Bank, and any contact information in Defendant's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The requirements of Fed. R. Civ. P. 26(a)(1)(A) are mandatory and can only be satisfied by production of each individual's address and phone number.  *Viveros v Nationwide Janitorial Ass'n, Inc*. (2000, ND Ga) 200 FRD 681, 143 CCH LC P 34285, 50 FR Serv 3d 310. Defendant further failed to provide Peter Homa's contact information and personal identifying information, or even identify the correct American Express Bank entity at issue, in response to discovery requests by Plaintiff.  The purpose of the disclosure requirement of Fed. R. Civ. P. 26(a)(1)(A) is to give opposing party information as to identification and location of persons with knowledge so that they can be contacted in connection with litigation, either for purposes of serving proposed amended complaint, or for being interviewed, or for being deposed, or for doing background investigation. *Biltrite Corp. v World Rd. Markings, Inc*. (2001, DC Mass) 202 FRD 359, 50 FR Serv 3d 1341. To this day, Defendants have failed to provide Plaintiff information relating to Peter Homa's location and contact information that Plaintiff is clearly entitled to under the Federal Rules.

B. *Exclusionary Sanctions Are Mandated Under Fed. R. Civ. P. 37*

Fed. R. Civ. P. 37(c)(1) gives teeth to the requirements imposed by Fed. R. Civ. P. 26 et seq. by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*, 259 F.3d 1101 (9th Cir. 2001).  The district court has "particularly wide latitude" to issue sanctions under Rule 37(c)(1), (*Yeti by Molly, Ltd*., 259 F.3d at 1106), and "[n]o showing of willful disobedience is required for an exclusion order." *Penk v. Oregon State Bd. of Higher Educ*., 816 F.2d 458, 466 (9th Cir. 1987) (citing *Societe Internationale v. Rogers,* 357 U.S. 197, 207-08 (1958)); see also *Fjelstad v. American Honda Motor Co*., 762 F.2d 1334, 1343 (9th Cir. 1985) ("We consistently have held that sanctions may be imposed even for negligent failures to provide discovery."); *Grajales-Romero v. American Airlines, Inc*., 194 F.3d 288, 297 (1st Cir. 1999) (granting motion to exclude witnesses as a discovery sanction since they "had not been properly disclosed during the course of

discovery."); *Davis v. Marathon Oil Co*., 528 F.2d 395, 403 (6th Cir. 1975) (excluding witnesses even though party claimed that witnesses had recently been discovered, because "[r]easonable diligence would have disclosed the additional witnesses far in advance of trial.").

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2),, "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In other words, unless harmless or substantially justified, the court must impose an exclusionary sanction for non-disclosure to ensure a "strong inducement" for disclosure (Advisory Committee Notes on 1993 Amendments to Fed. R. Civ. P. 37); see *Jenkins v. Whittaker Corp*., 785 F.2d 720, 728 (9th Cir. 1986) (Exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of the Federal Rule of Civil Procedure 26(a) was either justified or harmless); *Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, 8-9 (C.D. Cal. 207) (This rule is "self-executing" and violations of court orders, willful discovery abuse, or bad faith are not required); *Yeti By Molly Ltd. V. Deckers Outdoor*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Fed. R. Civ. P. 37 provides a self executing sanction for failure to make disclosures as required by Fed. R. Civ. P. Rule 26(a), without need for a motion under Fed. R. Civ. P. Rule 37 (a)(3)(A). See Advisory Committee notes to Fed. R. Civ. P. Rule 37 (1993 Amendments). The Ninth Circuit case of *Yeti By Molly Ltd. V. Deckers Outdoor Corporation*, 259 F.3d 1101, 1106 (9th Cir. 2001), involved a party's failure to produce timely Rule 26(a) information and held that the application of Fed. R. Civ. P. Rule 37 is "automatic" in circumstances such as those in the instant case: "This particular subsection [Fed. R. Civ. P. 37(c)(1)], implemented in the 1993 amendments to the Rules, is recognized broadening of the sanctioning power. *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule ...") The Advisory Committee Notes describe it as a "self executing," "automatic" sanction to "provide [ ] a strong inducement for disclosure of material ...." Courts have upheld the use of the exclusionary sanction even when a litigant's entire cause of action or defense has been precluded. *Ortiz-Lopez v.*

*Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34-35 (1st Cir. 2001).

Accordingly, Mellisa Massey's declaration regarding the acts of Peter Homa and American Express Bank, and of CIR Law Office's acts regarding these parties, should be stricken and Ms. Massey should be further precluded from testifying at trial regarding these acts.

C.  *All dates in this matter should be vacated.*

Plaintiff further requests that this Court vacate discovery cutoff and all future dates in this matter, to allow Plaintiff time to investigate Defendant PRA's only recently, and only partially disclosed claims.  Because of PRA's blatant disregard for Rule 26, Plaintiff has no contact information for Peter Homa and does not have the documents PRA refers to in the Declaration of Mellisa Massey.  If this Court does not exclude the Declaration of Mellisa Massey, and preclude at trial her testimony regarding Peter Homa, American Express Bank, and CIR Law Offices' acts regarding this supposed account, then Plaintiff will be forced to obtain the documents withheld by PRA, as well as depose American Express Bank and Peter Homa.   PRA's dilatory tactics are the only cause of this situation, and if this Court will not strike the Declaration of Mellisa Massey, then Plaintiff must be allowed to investigate PRA's new claims, as to do otherwise would reward PRA for its disregard for Rule 26, and would work a grave injustice.

D.  *This Court should impose sanctions on Defendant PRA*

Defendant PRA itself claims to have had knowledge of its claims regarding Peter Homa and American Express Bank in January of 2012, nearly a year ago.  PRA now relies on these claims in its defense, in PRA's Opposition to Plaintiff's Motion for Summary Judgment.  Clearly PRA was required by Rule 26 to disclose this information, and chose not to do so, causing prejudice to Plaintiff.  Plaintiff has already filed a Motion for Summary Judgment, and is now faced with the possibility of re-opening discovery and starting over under a different set of facts, facts intentionally and withheld repeatedly from Plaintiff by PRA.  This bad faith withholding of needed disclosures and discovery must not be rewarded, and as Defendant has wasted both Plaintiff's time and resources, and those of this Court, this Court should impose sanctions.

CONCLUSION

Defendant's failure to provide this critical witness information and produce relevant documents are not the type of trivial errors contemplated by the drafters of Fed. R. Civ. P. Rule 37 as being "harmless".

As mentioned above, none of the details of the undisclosed witnesses basic information were disclosed by Defendants in its voluntary disclosures or in response to very specific and timely written discovery and deposition notices.

Defendant's failure to disclose this evidence and witnesses as required by Rule 26 and specifically asked for in interrogatories prevented Plaintiffs from investigating the undisclosed witnesses and rebut their testimony, otherwise prepare for trial or undertaking the marshaling of rebuttal witnesses. The rules relating to disclosures do not permit such "sand-bagging" and mandate the exclusion of any resulting evidence. This is not only necessary to protect the victim of such surprise attacks, but to deter such abuse as well.

It would be of significant prejudice to Plaintiff if Defendants are allowed to introduce witnesses, documents and new affirmative defenses in support of motions, at hearings or at trial that were required to be produced earlier. This conduct seriously undermines the Federal Rules of Civil Procedure, and would amount to the judicial sanctioning of "sandbagging" by a party.

Based on the foregoing Plaintiff requests that the following evidence be excluded pursuant to F.R.C.P. 37(c)(1):  the *Declaration of Mellisa Massey.*

Plaintiff also requests that all discovery dates and other dates in this action be vacated to allow Plaintiff to investigate Defendant's only recently disclosed claims, and further requests that this Court impose sanctions on Defendant PRA.


Respectfully submitted,


Date: January 14, 2013                          **Hyde & Swigart**

                                                By:_/s/ Joshua B. Swigart ___
                                                Joshua B. Swigart
                                                Attorneys for the Plaintiff

**Additional Plaintiff's Attorneys:**

Stephen G. Recordon (SBN 91401)
Recordon & Recordon
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 232-1717
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
rooneycdi@gmail.com
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 234-0212
Facsimile: (619) 232-1382