# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET HEATHMAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　　　　　　　Defendants. | CASE NO.  12-CV-201-IEG (RBB)<br><br>**ORDER:**<br><br>**1.　GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 30]<br><br>**2.　DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[Doc. No. 34] |

　　　　Before the Court are Plaintiff Janet Heathman's motion for summary judgment as to liability, [Doc. No. 30], and motion for sanctions pursuant to Fed. R. Civ. P. 37, [Doc. No. 34]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for summary judgment and **DENIES** Plaintiff's motion for sanctions.

## BACKGROUND

　　　　This case arises from a debt collection action in San Diego Superior Court admittedly filed against the wrong party.  Plaintiff's summary judgment motion requests summary adjudication on the undisputed facts as to Defendant Portfolio Recovery Associates, LLC ("PRA")'s liability under several sections of the Fair Debt Collection Practices Act ("FDCPA") and parallel sections of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  Plaintiff's motion for sanctions seeks to exclude evidence of a nonparty's debt, which PRA relies upon in opposing

summary judgment, because the nonparty's debt was never disclosed during discovery.

## I. Undisputed Material Facts

On July 21, 2011, Portfolio Recovery Associates, LLC ("PRA"), a debt collector, filed a common counts complaint in San Diego Superior Court against Janet Heathman, attempting to recover $6,410.08 allegedly lent to Heathman and owed to PRA. [*See* Doc. No. 30-5 (S.D. Sup. Cpt.) ("Plaintiff: Portfolio Recovery Associates, LLC alleges that defendant [] Janet B. Heathman became indebted to plaintiff . . . for money lent by plaintiff to defendant at defendant's request." No other name or alleged debt is mentioned in PRA's complaint. [*See* Doc. No. 30-5.]

Heathman answered the state court complaint and propounded discovery requests, requesting, *inter alia*, the identities of the parties to the alleged debt. [*See* Doc. No. 30-4 (Decl. of Recordon).] PRA did not respond to the discovery requests but instead voluntarily dismissed the state court action. [*Id*.] The parties now agree that Heathman was erroneously sued; no debt, credit, or any other relationship ever existed between Heathman and PRA. [*See, e.g.*, Doc. No. 31 (Def. Opp. to MSJ) (conceding their attorneys "erroneously filed a lawsuit against Ms. Heathman.").]

## II. Procedural History

On January 25, 2012, Plaintiff filed the original complaint commencing this action, [Doc. No. 1], and on April 5, 2012, Plaintiff filed the operative amended complaint, [Doc. No. 15]. On June 1, 2012, Magistrate Judge Reuben Brooks entered a scheduling order setting a discovery cut-off of January 30, 2013. [Doc. No. 24.] On December 4, 2012, Plaintiff filed the present motion for summary judgment. [Doc. No. 30.] Defendant filed its opposition to summary judgment on January 8, 2013. [Doc. No. 31.] On January 15, 2013, Plaintiff filed a reply, [Doc. No. 33], and the present motion for sanctions, [Doc. No. 34]. On February 5, 2013, Defendant filed its opposition to Plaintiff's motion for sanctions, [Doc. No. 38], and on February 12, 2013, Plaintiff filed a reply, [Doc. No. 39]. The Court heard oral argument on February 19, 2013. [Doc. No. 40.]

## DISCUSSION

### I. Plaintiff's Motion for Summary Judgement

#### A. Legal Standard

"Summary judgment is appropriate when no genuine and disputed issues of material fact

remain, and when, viewing the evidence most favorably to the nonmoving party, the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 950 (9th Cir. 2009) (citing Fed. R. Civ. P. 56).  Where, as here, "the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party." *Fara Estates Homeowners Ass'n v. Fara Estates, Ltd.*, 134 F.3d 377, 378 (9th Cir. 1998); *see also Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) ("When the party moving . . . would bear the burden of proof at trial, it must come forward with evidence . . . establishing the absence of a genuine issue of fact on each issue material to its case.").

"When the moving party has carried its [initial] burden[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587. And "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50.

### B. FDCPA Claims

"[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc*., 460 F.3d 1162, 1171 (9th Cir. 2006).   It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *see also McCollough v. Johnsonb, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).  "Because the FDCPA is a remedial statute, it should be construed liberally in favor of the consumer," *Clark*, 460 F.3d at 1176, and, when in doubt, against debt collectors. *See Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) ("the FDCPA should by construed liberally to effect its remedial purpose"); *see also Swanson v. Southern Oregon Credit Service, Inc*., 869 F.2d 1222, 1228 (9th

Cir. 1988) ("One who deliberately goes perilously close to an area of proscribed conduct takes the risk that he may cross the line.") (internal quotation omitted).

In this case, Plaintiff asserts FDCPA claims under several subsections of 15 U.S.C. §§1692e and 1692f, all premised on PRA's state court complaint against the admittedly wrong party (Heathman/Plaintiff).[1] Such "a complaint served directly on a consumer to facilitate debt-collection efforts is [] subject to the requirements of §§ 1692e and 1692f." *Donohue*, 592 F.3d at 1030. "[S]ection 1692e of the FDCPA broadly prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,'" and "includes a non-exhaustive list of examples of proscribed conduct." *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). "Section 1692f prohibits a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Donohue*, 592 F.3d at 1030.

"Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Id*. "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzalez*, 660 F.3d 1061-62 (9th Cir. 2011) (internal quotation marks omitted). "The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* It "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark*, 460 F.3d at 1171.

### 1. Plaintiff's Initial Showing As To Each FDCPA Section Claimed

To the extent discussed below in regard to each FDCPA section asserted in Plaintiff's complaint[2], the record supports summary judgment as to liability.

///

---

[1] Courts "routinely [allow] debtors to pursue causes of actions under multiple sections of the FDCPA, even though each violation was based upon the same circumstances." *Clark*, 460 F.3d at 1177.

[2] Plaintiff's complaint does not assert a claim under §1692g, but her motion inappropriately seeks summary judgment thereon. This issue is separately addressed *infra*.

#### a. §1692e

"Section 1692e prohibits the use by a debt collector of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Donohue*, 592 F.3d at 1030. Filing a state court complaint alleging a nonexistent debt clearly violates this section. *See, e.g., Cox v. Hilco Receivable, L.L.C.*, 726 F.Supp.2d 659, 666 (N.D. Tex. 2010) ("a debt collector's representation that a debt is owed to it when it in fact is not, amounts to a misrepresentation barred by the FDCPA."). Here, the undisputed facts establish that PRA filed a state court collections complaint against Heathman alleging a debt not in fact owed by Heathman. *See supra*. Thus, the record supports summary judgment as to liability under section 1692e.

#### b. §1692e(2)

"Section 1692e(2) prohibits '[t]he false representation of . . . the character, amount, or legal status of any debt.'" *Donohue*, 592 F.3d at 1030. Any "false representation of the amount of [Plaintiff's] debt, even if unintentional, constitute[s] a violation of the Act as a matter of law." *Snyder v. Daniel N. Gordon, P.C.*, 2012 WL 3643673, at *3 (W.D. Wash. Aug. 24, 2012); *see also Cox*, 726 F.Supp.2d at 666 ("By its express terms, § 1692e(2), which prohibits the false representation of the character, amount, or legal status of any debt, bars such a representation.") Here, the undisputed facts establish that PRA's state court complaint falsely represented that Heathman owed a $6,410.08 debt to PRA; no debt was in fact owed. *See supra*. Thus, the record supports summary judgment as to liability under section 1692e(2).

#### c. §1692e(5)

"Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action they cannot legally take." *Snyder v. Daniel N. Gordon, P.C.*, 2012 WL 3643673, at *3 (W.D. Wash. Aug. 24, 2012).[3] At great length, Plaintiff argues that PRA's inclusion of account stated

---

[3] Section 1692e(5)'s prohibition is not limited to threats; actions in fact taken are also actionable. *See, e.g., Sprinkle v. SB & C Ltd.*, 472 F.Supp.2d 1235, 1247 (W.D. Wash.2006) ("[C]ourts have recognized the futility of a statutory scheme that would provide more protection to debt collectors who violate the law than to those who merely threaten or pretend to do so . . . The opposite conclusion would be akin to attaching liability to one who merely threatens a tortuous act while absolving one who unabashedly completes is [sic]. It is safe to say that such an interpretation veers sharply from the legislative purpose behind the FDCPA."); *Marchant v. U.S. Collections West, Inc.*, 12 F.Supp.2d 1001, 1006 (D.Ariz. 1998) ("defendants assert that they made no threat; they simply took action . . . such argument elevates form over substance. To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority . . . would defy the

and assumpsit claims in the state court complaint constitutes "action that cannot be legally taken" because neither claim could be proven and PRA voluntarily dismissed those claims. [Doc. No. at 30 at 7-13.] Plaintiff cannot assert that account stated and assumpsit claims are wholly unavailable under California law; rather, Plaintiff merely argues that these particular claims were destined to fail on the merits. [*Id.*] But section 1692e(5) only prohibits action that cannot be legally taken; it does not prohibit potentially valid claims that were dismissed. As such, PRA's filing and dismissal of account stated and assumpsit claims does not violate of section 1692e(5). *See, e.g., Velazquez v. Arrow Financial Services, LLC*, 2009 WL 2780372, at *3 (S.D. Cal. Aug. 31, 2009) (rejecting section 1692e(5) claim premised on voluntarily dismissed state court complaint and noting "[t]he California rules of civil procedure allow a plaintiff to voluntarily dismiss an action any time before trial . . . That a plaintiff chooses to exercise that right early in the case cannot establish that the action was improperly brought."). Thus, the record does not support summary judgment as to liability under section 1692e(5).

### d. §1692e(10)

"A debt collector violates [section 1692e(10)] if it 'use[s] . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012) (quoting 15 U.S.C. § 1692(10)). Filing a state court complaint alleging a nonexistent debt clearly violates this section. *See, e.g., Cox*, 726 F.Supp.2d at 666 ("a debt collector's representation that a debt is owed to it when it in fact is not, amounts to a misrepresentation barred by the FDCPA."). Here, the undisputed facts establish that PRA filed a state court complaint against Plaintiff alleging a nonexistent debt. *See supra*. Thus, the record supports summary judgment as to liability under section 1692e(10).

### e. §1692f

"Section 1692f prohibits a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Donohue*, 592 F.3d at 1030. The attempted "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or

---

very purpose of the section.").

permitted by law' is a violation of § 1692f." *Id*; *see also Gass v. CitiMortgage, Inc.*, 2012 WL 3201400, at *15 (N.D. Ga. June 25, 2012) ("Subsection 1692f refers to unfair or unconscionable acts in the vein of collecting debt which is not owed."). Here, the undisputed facts establish that PRA attempted to collect a debt from Plaintiff that was not in fact owed. *See supra*. Thus, the record supports summary judgment as to liability under section 1692f.

### 2. Defendant's Opposition

PRA's opposition brief does not dispute that Heathman was erroneously sued for a debt that she never owed. [*See* Doc. No. 31 (conceding they "erroneously filed a lawsuit against Ms. Heathman.").] Nor does PRA contest (or even address) the individual FDCPA sections asserted by Plaintiff. Instead, PRA makes three disjointed arguments: (a) that disputed facts regarding the debt of nonparty Peter Homa somehow render Plaintiff's claims nonactionable; (b) that general notions of vicarious liability and agency absolve PRA for its erroneous lawsuit; and (c) that PRA cannot be liable under section 1692g because that section is not specified in the complaint.

#### a. The Alleged Debt Is Actionable; Peter Homa's Debt is Irrelevant

PRA concedes that it erroneously sued Heathman for a debt that she does not and never did owe. Yet, PRA argues ambiguity as to a nonparty's purported debt renders Heathman's claims nonactionable. This argument is nonsensical. The only debt at issue in this case is that which PRA erroneously alleged in the state court complaint and the only debt mentioned in the state court complaint is that purportedly owed by Heathman to PRA, a debt which PRA now admits never existed. Any other debt purportedly owed by anyone else is entirely irrelevant.

To be sure, "not all obligations to pay are considered debts under the FDCPA," and thus "a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004). Still, as defined by the statute, "[t]he term 'debt' means any obligation ***or alleged obligation*** of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes." 1692(a)(6) (emphasis added). Accordingly, as the Ninth Circuit acknowledges, the FDCPA "protect[s] consumers who have been victimized by unscrupulous debt collectors, ***regardless of whether a valid debt actually exists***." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (emphasis added).

Here, Heathman's claims are exclusively premised on the "alleged obligation" in PRA's state court complaint, stated therein as follows: "Plaintiff: Portfolio Recovery Associates, LLC alleges that defendant [] Janet B. Heathman became indebted to plaintiff . . . for money lent by plaintiff to defendant at defendant's request." [*See* Doc. No. 30-5.] PRA concedes this alleged debt never existed, yet argues that because it should have sued Homa, the nature of his purported debt somehow controls this case. But this case turns on the debt in fact alleged, not the debt that should have been alleged. [*See* Doc. No. 30-5.] PRA's intent is entirely irrelevant to whether the alleged, but in fact nonexistent, Heathman debt qualifies as a "debt" under the FDCPA. *Hansen*, 280 F.Supp.2d at 1203 ("the lender's motives . . . [are] not relevant to the inquiry."); *accord Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). PRA's post-hoc characterization of which debt it meant to target is entirely beside the point. *Hansen v. Ticket Track, Inc.*, 280 F.Supp.2d 1196, 1203 (W.D. Wash. 2003) ("Defendant should not be able to change its basis for its original claims mid-stream.").

Moreover, PRA's tortured interpretation would absurdly absolve debt collectors from liability under the quintessential circumstances targeted by the FDCPA. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) ("Congress designed the Federal Act to 'eliminate the recurring problem of debt collectors dunning the wrong person.'") (quoting S.Rep. No. 382, 95th Cong.2d Sess. 4, reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1699.); *see also Henrique v. U.S. Marshal*, 653 F.2d 1317, 1320 (9th Cir. 1981) (when interpreting statutes, "the Court must . . . refuse . . . absurd and unforeseen result[s]."). The Ninth Circuit has specifically warned against such FDCPA interpretations antithetically favoring debt collectors to the disadvantage of consumers. *Clark*, 460 F.3d n.7 (9th Cir. 2006) ("we find it nonsensical to create needless loopholes that work to the disadvantage of the individuals the FDCPA was enacted to protect."). Regardless of why PRA erroneously sued or who PRA should have sued, this case solely concerns the debt in fact alleged in PRA's state court complaint - that is the nonexistent debt allegedly owed by Heathman to PRA.

### b. Vicarious Liability Is Irrelevant, But Nonetheless Available

PRA argues that it cannot be held vicariously liable for its attorneys filing an erroneous lawsuit against Heathman. [Doc. No. 31 at 7-8.] This argument is frivolous; Heathman does not

allege vicarious liability. Rather, Heathman properly charges PRA directly because PRA was the party that actually and wrongly sued her in state court. [*See* Doc. No. 30-5.] In any event, the Ninth Circuit has expressly rejected the notion that debt collectors cannot be held vicariously liable under the FDCPA for decisions made by their attorneys. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994) ("Citicorp contends that it may not be held vicariously liable under [the FDCPA] for a [] decision made solely by [its attorney]. We reject this contention as inconsistent with the structure of the FDCPA . . . In order to give reasonable effect to [the FDCPA], we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken."); *see also Freeman v. ABC Legal Services Inc.*, 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011) ("debt collector[s] subject to the FDCPA [] bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.").

### c. No Section 1692g Claim Has Been Pled

Plaintiff's complaint does not specifically assert a claim under section 1692g, but her present motion seeks summary judgment on such a claim. [*Compare* Doc. No. 15, *with* Doc. No. 30.] Summary judgment is only available on claims or defenses (or parts thereof) actually alleged. See Fed. R. Civ. P. 56(a); *see also Esteem v. City of Pasadena*, 2007 WL 4270360, at *17 (C.D. Cal. Sept. 11, 2007) ("Plaintiffs cannot raise unpled claims on a motion for summary judgment."). If Plaintiff wishes to add a section 1692g claim, she must move for leave to file an amended complaint. Accordingly, the Court **DENIES** summary judgment as to liability under section 1692g.

### C. Rosenthal Act

"California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs*, 681 F.3d at 1100; *see also* Cal. Civ.Code § 1788 *et seq*. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100. "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*. Thus, "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partner*, 2008 WL 4079281, at *4 (S.D. Cal. Aug. 28, 2008). Moreover, "[t]he Rosenthal Act's remedies are cumulative, and available even when the FDCPA affords relief." *Gonzalez*, 660 F.3d at 1068.

PRA's briefing does not address the Rosenthal Act, much less contest cumulative liability thereunder. The Court finds that to the extent Plaintiff has established liability under the FDCPA, she has also established liability under the Rosenthal Act.

At bottom, PRA's disjointed arguments provide no counter to Heathman's sufficient showing as to PRA's liability under §§1692e, 1692e(2), 1692e(10), and 1692f. Accordingly, the Court **GRANTS** summary judgment as to PRA's liability under both the FDCPA and the Rosenthal Act for violations of §§1692e, 1692e(2), 1692e(10), and 1692f.

## II. Plaintiff Motion for Sanctions Under Rule 37

Plaintiff moves under Fed. R. Civ. P. 37 to sanction Defendant for failing to disclose any information regarding Homa and his purported debt during discovery. [Doc. No. 34.] Plaintiff requests that the Court either exclude all evidence of Homa and his purported debt or, in the alternative, vacate the scheduling order and reopen discovery to allow Plaintiff to depose Homa and otherwise investigate his purported debt. [*Id.*]

Parties are required to disclose to opposing parties the names of witnesses they intend to call at trial, *see* Fed. R. Civ. P. 26(a), and obligated to supplement such disclosure as needed in a timely manner, *see* Fed. R. Civ. P. 26(e). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the party facing sanctions to prove the failure to disclose was substantially justified or harmless. *Yeti By Molly, Ltd. v. Deckprs Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, at *9 (C.D. Cal. Jun. 28, 2007). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Manneh v. Inverness Med. Innovations, Inc.*, 2010 U.S. Dist. LEXIS 81876, at *4-5 (S.D. Cal. Aug. 12, 2010).

Here, PRA did fail to identify or disclose any information related to Homa and his

purported debt until filing its opposition to Plaintiff's present motion for summary judgment. [Doc. No. 38.] And the parties' briefing belabors that fact and to what extent it constitutes a violation of Rule 26. But these arguments are beside the point; notwithstanding the parties' focus on Homa, he and his debt are ultimately irrelevant to this case. *See supra*. Nondisclosure of such irrelevant, inconsequential witnesses and information is harmless and thus cannot warrant sanctions under Rule 37. Given that Homa's debt is entirely irrelevant to Plaintiff's claims, its nondislcosure was harmless and thus the Court hereby **DENIES** Plaintiff's motion for sanctions in its entirety.

## CONCLUSION

For the foregoing reasons, the Court hereby:

- **GRANTS** summary judgment as to PRA's liability under both the FDCPA and the Rosenthal Act for violations of §§1692e, 1692e(2), 1692e(10), and 1692f;

- **DENIES** summary judgment as to PRA's liability for violations premised on §§1692e(5) and 1692g; and

- **DENIES** Plaintiff's motion for sanctions in its entirety.

**IT IS SO ORDERED.**

**DATED:**     February 27, 2013

**IRMA E. GONZALEZ**
**United States District Judge**