UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET HEATHMAN,<br><br>                              Plaintiff,<br><br>   vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                              Defendant. | CASE NO.  12-CV-201-IEG (RBB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 42] |

Before the Court is Defendant's motion for reconsideration of the Court's February 27, 2013 order granting in part Plaintiff's motion for summary judgment as to liability. [Doc. No. 42.] For the reasons below, Defendant's motion for reconsideration is **DENIED**.

## BACKGROUND

This case arises from a debt collection action admittedly filed against a non-debtor over a nonexistent debt.  Plaintiff Janet Heathman moved for summary adjudication of Defendant Portfolio Recovery Associates, LLC ("PRA")'s liability under several sections of the Fair Debt Collection Practices Act ("FDCPA") and parallel sections of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  On February 27, 2013, the Court granted in part Plaintiff's motion.  [Doc. No. 41.]  On March 20, 2013, Defendant moved for reconsideration of that ruling. [Doc. No. 42.]

## DISCUSSION

Reconsideration is disfavored.  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc.*, 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("reconsideration may not be used to get a second bite at the apple."); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 232 (D. Ariz. March 30, 2012) (reconsideration is "not designed merely to provide a dissatisfied litigant with additional opportunity to sway the Court."). Rather, reconsideration is "appropriate only if the Court is presented with newly discovered evidence or a change in controlling law, or has committed clear error." *Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 WL 3069703, at *2 (S.D. Cal. Aug. 4, 2010) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)).

The lone asserted basis for the present motion is clear error. [Doc. No. 42 at 1.] "[C]learly erroneous is a very exacting standard. Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Campion*, 2011 WL 1935967, at *1 (internal quotation omitted); *Apollo Group*, 282 F.R.D. at 232 (same).

Defendant's motion fails to establish that the summary judgment ruling was wrong, much less dead wrong; instead, it simply rehashes arguments already rejected by the Court. Defendant again argues that ambiguity as to non-party Peter Homa's purported debt absolves Defendant's liability for the distinct and admittedly nonexistent debt at issue in this case - that allegedly owed by Heathman to PRA. [*See, e.g.*, Doc. No. 42-1 at 5.] The Court's summary judgment order specifically addressed and rejected this line of argument as nonsensical and contrary to the remedial purpose of the FDCPA. [Doc. No. 41 at 7-8.] Because Defendant's motion provides nothing not already considered and rejected in the Court's previous order, it fails to warrant reconsideration.[1] *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for

---

[1] Nor is the Court's ruling here inconsistent with its dismissal order in *Udo v. Kelkriss Associates, Inc.*, 2012 WL 5985633 (S.D. Cal. Nov. 29, 2012). *Udo* concerned a purportedly "nonconsensual" debt, while the present case concerns an admittedly nonexistent debt. *See* 2012 WL 5985633, at *2-3.

1  reconsideration is properly denied where "it present[s] no arguments that had not already been
2  raised in opposition to summary judgment"); *see also Occupy Fresno v. County of Fresno*, 2011
   WL 6066500, at *1 (E.D. Cal. Dec. 2, 2011) (reconsideration is "not to be used to ask the court to
3  rethink what it had already thought through - rightly or wrongly.").

4      Moreover, Defendant continues to ignore the needless and absurd loophole its strained
5  construction creates. The Ninth Circuit has repeatedly admonished that "the FDCPA . . . should be
6  construed liberally in favor of the consumer," and thus that courts should not "create needless
7  loopholes that work to the disadvantage of the individuals the FDCPA was enacted to protect."
8  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see also*
9  *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 705 (9th Cir. 2010) ("the FDCPA should by
10 construed liberally to effect its remedial purpose"); *Swanson v. Southern Oregon Credit Service,*
11 *Inc.*, 869 F.2d 1222, 1228 (9th Cir. 1988) ("One who deliberately goes periously close to an area
12 of proscribed conduct takes the risk that he may cross the line.") (internal quotation omitted).
13 Defendant's construction burdens consumers with the impossible - proving the consumer nature of
14 imaginary debts manufactured out of whole cloth. And it serves only to immunize debt collectors
15 for the most egregious misconduct targeted by the FDCPA - suing non-debtors over nonexistent
16 debts. This contortion is precisely the sort of "nonsensical" and "needless" loophole the Ninth
17 Circuit has admonished against. *See Clark*, 460 F.3d at 1176. Accordingly, the Court again and *a*
18 *fortiori* rejects Defendant's interpretation as plainly contrary to the remedial purpose of the
19 FDCPA.

20 **CONCLUSION**

21     For the foregoing reasons, Defendant's motion for reconsideration is **DENIED**.

22 **IT IS SO ORDERED.**
23 **DATED:** March 26, 2013
24 **IRMA E. GONZALEZ**
   **United States District Judge**